UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION: MIAMI

In re:                                                                   Case No.19-18883-BKC-RAM
                                                                              Chapter 7

VERNELL ROBINSON

_____Debtor  /


**DEBTOR'S MOTION TO VACATE ORDER GRANTING TRUSTEE'S EMPLOYMENT OF MARTIN HANNAN AS SPECIAL COUNSEL FOR TRUSTEE**

Debtor's attorney moves as above titled pursuant to Federal Rule of Bankruptcy Procedure 9023 and would show your Honor.

1. Debtor filed her petition on July 1, 2019.

2. Debtor first met with her attorney on June 24, 2019. Debtor's wages were being garnished. Debtor's daughter takes debtor's grandchild as a dependent on daughter's income tax return as such it debtor was not able to dissolve garnishment of her wages. Debtor literally does have her grandchild financially dependent on debtor.

3. With the need to stop garnishment of her wages the bankruptcy was quickly filed.

4. The bankruptcy schedules do not ask whether debtor has had an accident by which a claim for personal injury can be maintained.

5. At the creditors meeting on August 06, 2019 the astute Barry E. Mukamal, Trustee asked debtor if she had been in any accident during the past years. Debtor said she had. She had an attorney but did not recollect his name. Debtor's attorney was

1

instructed to obtain the name of the debtor's accident attorney and forthwith provide the Trustee the name, telephone number.

6. Debtor's attorney did as instructed; the next day on August 7, 2019 the trustee was informed that Martin Hannan was debtor's attorney for the injury. Address and telephone number were also provided.

7. Shortly after August 7, 2019 L. Shoot went on his yearly extended August vacation. Returning to Miami in September 2019 it was surprising that the Trustee had not filed with this Court a Motion to employ attorney. Debtor's attorney then contacted the office of Marin Hannan and was told that no bankruptcy trustee had contacted Martin Hannan.

8. Debtor's discharge was October 11, 2019. Prior to the discharge It appeared to debtor's bankruptcy attorney the trustee had reviewed the dire financial finances of debtor and trustee concluded trustee would deem it a no asset case.

9. After entry of debtor's discharge, it was verily believed the Trustee had decided not to pursue any claim against debtor's personal injury claim. Debtor literally lives paycheck to paycheck. Her dischargeable debt is less than $6,000.00.

10. The trustee can legally be allowed to pursue the personal injury claim after debtor's discharge which is not equitable. Debtor has now amended her schedules, listed the personal injury claim as an asset and changed all her exemptions from Florida State law to United States Exemptions 11 U.S.C. §522 (d).

2

11. Rule 1009 allows debtor to amend her schedules at any time before the case is closed. Nor does the code or rules disallow a change of exemptions from state to federal. Debtor needs a fresh start and the limited money from a personal injury lawsuit scheduled at $10,000.00 is not yet a completed settlement. Debtor suffers with a permanent limp not pain and suffering.

12. Rule 4003(b) permits a trustee, or other party in interest, to file an objection to the list of property claimed as exempt within thirty days of its filing. The objector must then carry the burden of producing evidence that rebuts the presumption that the claimed exemption is valid. See Fed. R. Bankr.P. 4003(C); Fed.R.Evid. 301; accord *Lampe v. Williamson (In re Lampe*, 331 F.3d 750, 754 (10th Cir.2003) cited by *In re Daly*, 344 B.R. 304, 308 (Bankr. M.D. Penn. 2012)

WHEREFORE it is respectfully prayed that the Order entered February 21, 2020 (Doc 20) be vacated as debtor has a significant need for any monies her attorney Martin Hannan can receive for her benefit.

I certify service by ECF e mail on the list of parties who receive e mail notice on February 27, 2020

Barry E Mukamal, Trustee
Box 158
1 S.E. Third Ave.
Miami, FL 33131

Assistant U.S. Trustee
Steven Schneiderman, Esq.
51 S.W. 1st Ave  Room 1204
Miami, FL. 33130

Martin Hannan, Esq. info@martinhannanpa.com

                                                "LS"
                                          Lawrence Shoot
                                        Fla. Bar# 112950
                                        4830 S.W. 92 Ave.
                                        Miami, FL. 33165
                                        (305) 270-2110
                                        lshoot@bellsouth.net