UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:  Case No. 19-18883-BKC-RAM

VERNELL ROBINSON  Chapter 7

    Debtor.
_____/

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS AND MOTION TO COMPEL DEBTOR TO TURNOVER CONTROL OF PERSONAL INJURY CLAIM**

Barry E. Mukamal, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Vernell Robinson (the "Debtor"), by and through the undersigned counsel, pursuant to Fed. R. Bankr. P. 4003 and 11 U.S.C. §§ 362(a)(3), 541 and 542, objects to the Debtor's claimed exemption(s) in the property detailed herein, and requests that the Court enter an order sustaining same as well as compelling the Debtor to turn over control of the Personal Injury Claim defined below, and in support thereof, states as follows:

1.    Debtor commenced the above-captioned voluntary Chapter 7 proceeding on July 1, 2019 (the "Petition Date").  Barry E. Mukamal was appointed Chapter 7 Trustee.

2.    On the Debtor's initial Schedule "B" and "C" [ECF #1], the Debtor did not disclose any interest in a personal injury claim and claimed Florida Exemptions Fla. Stat. § 222.25(4) and Fla. Stat. § 222.11(2)(a) on her disclosed personal property. Additionally, the Debtor's Schedule "I" indicated that she has been employed with the Miami-Dade School Board for 20 years.

3.    The Section 341 Meeting of Creditors (the "341 Meeting") took place on August 6, 2019. At the 341 Meeting, the Debtor informed the Trustee that as a result of an accident sustained prior to the Petition Date she had a pending personal injury claim (the "Personal Injury Claim") and had retained an attorney to represent her in same. The Trustee then advised

the Debtor that as a result of the filing of the Bankruptcy petition, the claim and any potential proceeds thereof become property of the Estate for the benefit of the unsecured creditors and requested that the Debtor provide his office with the contact information for her personal injury attorney.

4. On October 11, 2019, the Debtor received her Order of Discharge (the "Discharge") ECF #17.

5. On February 13, 2020, the Trustee filed his *Ex Parte Application to Employ Martin Hannan, Esq. and Martin Hannan, P.A. as Special Counsel* (the "Application to Employ Special Counsel") [ECF #19] which was granted by the Court on February 20, 2020 [ECF #20].

6. On February 26, 2020, the Debtor amended her bankruptcy schedules, including Schedule B and C [ECF #22]. As such, the current deadline for the Trustee to object to the Debtor's amended exemptions is March 27, 2020.

7. On the Debtor's Amended Schedule "B" the Debtor disclosed, among other items, the following assets (the "Assets"):

    a. Household goods and furnishings (scheduled value $300.00)

    b. Electronics (Scheduled value of $150.00)

    c. Clothes (Scheduled value of $100.00)

    d. Jewelry (Scheduled value of $35.00)

    e. South Florida Educational Federal Credit Union (Scheduled value of $50.00)

    f. Garnished (Scheduled value of $805.21)

    g. Personal Injury Claim (Scheduled value of $10,000.00)

8. In Amended Schedule "C", the Debtor claimed Federal exemptions in the Assets, pursuant to 11 USC § 522(d)(3), (d)(4), (d)(5) and (d)(11)(D).

9. Upon information and belief, and specifically, based on the Debtor's Schedule "I" referenced above, Debtor has resided in the State of Florida for at least the last twenty (20)

years.

10. Accordingly, the Trustee objects to the Debtor's claimed exemption in the Assets to the extent that the Debtor's claimed Federal exemptions are not available to her pursuant to 11 USC § 522(b)(2) and (b)(3)(A), given that she has resided in the State of Florida within 730 days prior to the commencement of the case.

11. Moreover, the Trustee objects to the valuation of the Personal Injury Claim listed in the Debtor's Amended Schedules. Based on conversations with Special Counsel, the Trustee believes the value of the Personal Injury Claim to be between $18,000.00 and $20,000.00 which is significantly higher and would be in excess of any state exemption that may be available to the Debtor.

12. The Personal Injury Claim is property of the Estate pursuant to 11 U.S.C. §541 and subject to immediate turnover pursuant to 11 U.S.C. §542.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (1) sustaining the Trustee's objection to Debtor's claimed exemptions; (2) compelling immediate turnover of the Personal Injury Claim; and (3) granting such other and further relief as the Court deems just and proper.

Dated: March 16, 2020

LEIDERMAN SHELOMITH
ALEXANDER + SOMODEVILLA, PLLC
Attorneys for Trustee Barry E. Mukamal
2 S Biscayne Blvd., Suite 2300
Miami, Florida 33131
Telephone: (305) 894-6163
Facsimile: (305) 503-9447

By:_____/s/_____
Christian Somodevilla
Florida Bar No. 59539
cs@lsaslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on March 16, 2020 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Vernell Robinson, 2031 NW 194th Terrace, Miami Gardens, FL 33056-2746.

By:_____/s/_____
Christian Somodevilla

---

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale