

**ORDERED in the Southern District of Florida on April 6, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                          Case No. 19-18883-BKC-RAM

VERNELL ROBINSON                                 Chapter 7

      Debtor.
_____/

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED
EXEMPTIONS, GRANTING TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURN
OVER CONTROL OF PERSONAL INJURY CLAIM, AND
DENYING DEBTOR'S MOTION TO EXTEND TIME TO DO LEGAL RESEARCH**

THIS CAUSE came on before the Court on April 2, 2020, at 11:00 a.m. upon the *Trustee's Objection To Debtor's Claimed Exemptions and Motion to Compel Debtor to Turn Over Control of Personal Injury Claim and Compel Debtor's Personal Injury Counsel to Provide Requested Documentation* [ECF No. 37] (the "Objection") and the *Debtor's Motion to Extend Time to Do Legal Research* [ECF No. 46] (the "Motion"), and the Court, having reviewed the Objection, the Motion, and the file, having heard the arguments of counsel for the Trustee and Debtor, being otherwise duly advised in the matter, and for the reasons stated on the record,

**ORDERS** as follows:

1. Trustee's Objection to Debtor's Claimed Exemptions is **SUSTAINED**, with leave for the Debtor to amend her schedules to claim exemptions pursuant to applicable Florida Statutes.

2. Trustee's Motion to Compel Debtor to Turnover Control of Personal Injury Claim is **GRANTED**.

3. The interest of Vernell Robinson (the "Debtor") in her pending pre-petition personal injury claim (the "Personal Injury Claim") is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541.

4. Accordingly, Barry E. Mukamal, in his capacity as Chapter 7 trustee for the bankruptcy estate of Vernell Robinson (the "Trustee"), has the sole and exclusive right to prosecute and/or settle the Personal Injury Claim.

5. The Debtor does not have the right to prosecute and/or settle the Personal Injury Claim.

6. The Debtor must immediately cease all efforts to administer the Personal Injury Claim for her own benefit, and the Debtor must immediately cease her continued prosecution of the Personal Injury Action.

7. The Debtor shall immediately and completely turn over control of the Personal Injury Claim to the Trustee.

8. The Debtor shall cooperate fully with the Trustee's prosecution of the Personal Injury Claim.

9. Debtor's Motion to Extend Time to Do Legal Research is **DENIED**.

10. The Court retains jurisdiction to enforce the terms of this Order.

**###**

**Submitted by:**

Christian Somodevilla, Esq.
LSAS Attorneys
2 S Biscayne Blvd., Suite 2300
Miami, Florida 33131
Telephone: (305) 894-6163
Facsimile: (305) 503-9447
cs@lsaslaw.com

**Copies to:**

Christian Somodevilla, Esq.

Attorney Somodevilla is directed to serve copies of this order on all interested parties and to file a certificate of service